ST. JOHN VS GARROW.

*As to acknowledgments, taking a contract without the statute of limitations.*

1. In actions, *ex contractu,* any expression which amounts to an admission that a debt is due, or that a liability exists, will take a case without the statute of limitations, and revive the original cause of action.

2. Such admission has the same effect, whether made to a creditor, or a stranger; and is proper proof under a general replication to a plea of the statute of limitations.

Samuel St. John, jr. declared in Mobile Circuit Court, against Samuel H. Garrow, as indorser of a bill of exchange. The defendant relied upon non-assumpsit, and the plea of the statute of limitations; and under these pleas, the jury found a verdict for the defendant.

On the trial of the cause, the plaintiff produced and read in evidence the bill of exchange, declared on, and proved protest for non-payment, demand of acceptance, refusal, and notice to defendant; and to take the case out of the statute of limitations, he introduced a witness, who testified, that in repeated conversations with the defendant, about a year after the bill was returned, that he spoke of the said bill as a then existing liability, and assented to an arrangement which had been made with a previous indorser, by which time had been given him for more than a year, to pay the same.

The plaintiff requested the Court to instruct the

jury, that a recognition of the demand, as a subsisting debt, in which the defendant was then liable, was sufficient to prevent the statute of limitations from beginning to run from the time it was dishonored; and that the statute of limitations did not bar a recovery on the said bill, until after six years had elapsed from a recognition of the same, as an existing demand; and that an acknowledgment of the same, as a subsisting debt, within six years, was sufficient to prevent the operation of the statute—which charge the Court refused, and instructed the jury, that after the statute began to run, from the dishonor of the bill, a new acknowledgment was not sufficient to prevent the statute from running; that it required in addition thereto, a promise to pay; and that, in law, there was no difference, whether the six years had expired, or had commenced running.—All which was excepted to; and the plaintiff took a writ of error.

*Gordon & Golthwaite,* for plaintiff in error.
*Stewart & Thornton,* contra.


HOPKINS, J.—This was an action of assumpsit, brought by the plaintiff against the defendant as an indorser of a bill of exchange, drawn on the nineteenth day of February, eighteen hundred and twenty-five, at ten days' sight, presented to the drawee, for acceptance, which he refused to make, on the twenty-fourth of March, in the same year, and protested for non-payment, on the sixth of April afterward.

Upon the trial of the plea of non-assumpsit in the

Circuit Court of Mobile County, the plaintiff proved every thing that was necessary; and to support the issues which he had taken to the pleas of the statute of limitations, he proved by a witness, that about a year after the bill was returned, the defendant frequently mentioned the bill to him, as a liability which then existed, and assented to an arrangement that was made with a prior indorser, by which more than a year was given to that indorser, to pay the bill. Upon this evidence the Circuit Court refused to instruct the jury, that proof of the acknowledgment of the debt, within six years before the commencement of the action, removed the bar created by the statute—and did instruct them, that, to take the case out of the statute, an acknowledgment and a promise to pay were both necessary.

A bill of exceptions was taken by the plaintiff, to the refusal of the Court to give the instruction for which he asked, and to that also, which was given.

We think the principles are settled, that in actions *ex contractu*, any expression which amounts to an admission that the debt was due, or the liability existed at the time, takes the case out of the statute, and revives the original cause of action.

Such an acknowledgment is an implied promise to pay, and is equivalent to an express promise. It has the same effect, whether it be made to the creditor, or another person, before the time had elapsed, which would have created, but for the acknowledgment, the bar of the statute, or afterward.

As an acknowledgment revives the debt, proof of the admission, supports the cause of action, stated in the declaration, and is proper, under a general

4P · 29

replication to a plea of the statute. A cause of action is held to accrue, from the time an acknowledgment is made: the effect of one is, therefore the same, whether made before or after the bar of the statute was created. An acknowledgment to be followed by these effects, must be an unconditional one, that the debt is due, or the liability exists, when the acknowledgment is made, and not merely that the demand was originally just.*

The acknowledgment in this case was, we think, sufficient to remove the bar of the statute; and the Court erred, both in refusing the instruction, for which the plaintiff asked, and giving that, to which exception was taken.

Let the judgment be reversed, and the cause remanded.