Townes and Nooe, Executors v. Ferguson.

In this case the attachment was executed by the service of a summons of garnishment by a constable. The record does not show that the garnishee ever answered, or that any judgment was entered against him. A judgment by default against the defendant in attachment was rendered by the court below, to reverse which he prosecutes a writ of error to this court.

WYETH & ADAMS, for plaintiff in error.

No Counsel for the defendant.

The disposition of the case on this ground renders it unnecessary to consider the other assignments.

The judgment is reversed, and the cause remanded.

---

TOWNES & NOOE, EXECUTORS, &c. vs. FERGUSON.

1. A sole executor may, by his admission, remove the bar of the statute of limitations, and revive a cause of action against the estate which he represents ; and his admissions will bind the estate after his death.
2. An admission made by a sole executor, after the statute of limitations had completed a bar, in these words, "The account is a good one, but I cannot pay it before January, at which time I will be receiving money for the hire of negroes,' *Held* sufficient to remove the bar of the statute, and to revive the cause of action against the estate.

ERROR to the Circuit Court of Franklin.

Tried before the Hon. L. P. Walker.

This was an action of *assumpsit* on a store account, brought by Ferguson, use, &c., against I. S. Helms as Ex'r of Peter Walker, dec'd.

The defendant pleaded, 1. Non Assumpsit; 2. The Statute of limitations of three years. To the plea of the statute of

limitations the plaintiff replied a subsequent promise by the executor, Helms, and the parties joined issue.

In the progresss of the cause the defendant Helms having died, the plaintiffs in error as his executors were made parties.

It appears from the bill of exceptions, that the store account was contracted in the year 1841, by Walker. In the year 1847, one Carter, a witness] for plaintiff, whose testimony was before the court in the form of deposition, called upon Helms, who was then executor of Walker, as the agent of Baker the holder of the store account, and presented to him the account, requesting payment. The deposition then reads as follows: Said Helms, so far as I can recollect, used these words in relation to the payment of said account: "The account is a good one, but I cannot pay it before January, at which time I will be receiving money for the hire of negroes." This was all the testimony introduced by the plaintiff.

John A. Nooe then testified in behalf of defendant, "That sometime, perhaps in the year 1847 or 1848, before the institution of this suit, Helms, who was then the acting executor of P. Walker, deceased, and Samuel Baker, for whose use this suit was brought, came into his office, that said Helms might consult him as an attorney whether the account was not barred by the statute of limitation, and that he advised the said Helms that it was, and that he then refused to pay it." This was all the testimony introduced by the defendant.

The counsel for the defendant below asked the court to charge the jury:

"That the testimony of Henry Carter is not sufficient of itself to remove the bar of the statute of limitation;" which was refused by the court.

This refusal to charge is assigned for error.

JOHN A. NOOE, for plaintiff in error:

1. The acknowledgment proved [to have been made by Helms does not amount to such an unequivocal promise to pay as will remove the bar of the statute. Where the account is already barred, it is not sufficient to prove an acknowledgment of its correctness. A promise to pay, or an acknowledgment of present liability and willingness to pay, is necessary to remove the bar. St. John v. Garrow, 4 Porter, 223;

Crawford v. Childress, 1 Ala. 488; Lucas v. Thorington, 5 ib. 507; Cabaniss v. Deshler, 10 ib. 959; Lowther v. Chappell, 8 ib. 355.

As to the disinclination of our courts to have the bar of the statute removed by the subsequent promise of an executor, or administrator, see Caruthers & Kinkle v. Mardis, Adm'r. 3 Ala. 599; Hall et al. v. Darrington, 9 ib. 502.

2. Even if the acknowledgment or promise was sufficient to remove the bar of the statute, as to Helms, it is submitted that the promise was not binding upon his executors, who were made parties, before issue joined, as the executors of Walker.

WILLIAM COOPER, contra:

1. The language of Helms was both an acknowledgment and a promise to pay. It was certainly a strong negative pregnant, meaning, " although I cannot pay before January, yet I will pay then, as I shall then be in funds from proceeds of negro hire." If he did not intend to pay it, why acknowledge its correctness? Why refer to a particular time, and to a particular fund, unless he intended to pay at that time? The language here was stronger, than that used in any of the cases which are relied on by the plaintiffs in error, and does not conflict with them in the slightest degree.

2. A promise made by a sole executor or administrator, is sufficient to remove the bar of the statute, and revive the cause of action. Hall, Weeks & Co. v. Darrington, 9 Ala. 502.

PHELAN, J.—Two questions present themselves in this case for our decision; 1. Could Helms, as executor of Walker at the time he used the words to the witness Carter, on being presented with the account, bind the estate of his testator? 2. Will these words, rightly interpreted, have that effect.

On the first point, we think it clear that he could bind the estate. He was the sole executor, and as such had the power to bind the estate by his admissions, as has been decided in the case of Hall, Weeks & Co. v. Darrington, 9 Ala. 502. If his admission was binding, then it gave to the plaintiff rights,

which could not be changed or impaired by the fact that Helms subsequently died, and his executors, after suit brought, became parties to the suit as the representatives of Walker, through him.

2. Will the words of Helms, used to Carter, when present-ed with the. account against Walker, rightly interpreted, have the effect of removing the bar of the statute of limitation? These words are, " The account is a good one, but I cannot pay it before January, at which time I will be receiving mo-ney for the hire of negroes." It has been held in numerous decisions of late years, that where the bar of the statute was complete, as in this case, a mere admission of the *correctness* of the account would not remove the bar of the statute, and' that to produce this effect, there must be not on-ly an admission of the *correctness* of the demand, but also a *willingness* to pay it. See case of Lowther *et al.* v. Chapell, 8 Ala. 352, and authorities there cited by Mr. Justice Goldth-waite; See also, Crawford *et al.* v. Childress, Ex'rs, 1 Ala. 483; 2 Greenleaf Ev. § 440, and authorities cited. We are disposed to maintain the same doctrine, now that the ques-tion is directly made.

The only thing next to determine is, the true force and meaning of the words used by the executor Helms. The de-fendant below had a right to call upon the court to decide their legal import. This was not calling upon the court to usurp the province of the jury, as the counsel for defendant in error has argued, It was in the nature of a demurrer to evidence. Sims v. Sims, 2 Ala. 117. The request of the coun-sel for defendant to the court to instruct the jury, that these words were not sufficient in themselves to remove the bar of the statute of limitations, we think, was properly refused, for the reason that these words, when rightly interpreted, con-tain not only an acknowledgment of the *correctness* of the ac-count, but a *willingness* to pay it. To the first point, the ad-mission that the " *account* " was " *a good one,*" is too plain to admit of construction; and the remainder of the words, "I cannot pay it before January," means, *I will pay or try to pay it after January;* and to strengthen this inference, natural in itself, he immediately makes reference to the means out of which he expected to be able to pay; "*at which time I will*

*be receiving money for the hire of negroes*"—the negroes of the estate of his testator, as it is to be presumed.

The admission amounted to an acknowledgment of the *correctness* of the debt, and also of a *willingness* to pay, and this was sufficient, when made by a sole executor, to take the case out of the statute of limitations. The request of the defendant below, for a charge to the contrary, was properly refused,

Let the judgment below be affirmed.