# Acklen's Executor *v.* Hickman.

*Action on Common Counts.*

1.  *Partial payment, as preventing bar of statute of limitations.* —A partial payment on a debt, before the statute of limitations has effected a bar, is a recognition of the debt, and fixes a new date from which the statute begins to run; but an indorsement of such partial payment, in the handwriting of the creditor, is not evidence of such payment.

2.  *Charge as to sufficiency of evidence.*—In a civil cause, a mere preponderance of evidence is not sufficient to authorize a verdict for the · plaintiff, unless it is sufficient to satisfy the minds of the jury; but a charge asked, asserting "that a preponderance of evidence merely, inclining the minds of the jury to sustain the plaintiff's claim, can not be regarded as sufficient," is calculated to mislead the jury, and is properly refused.

3.  *Alien enemy.*—To bring a case within the rule as to alien enemies, the two parties to the contract must be, at the time, under the dominion of different and opposing flags.

FROM the Circuit Court of Madison.
Tried before the Hon. LOUIS WYETH.

This action was brought by James Hickman, against John D. Weeden, as the executor of the last will and testament of William Acklen, deceased; and was commenced on the 4th April, 1874.   The complaint contained a count on an account stated between the plaintiff and the defendant's testa-

[Acklen's Executor v. Hickman.]

tor, on the 21st March, 1864; a count for money paid by plaintiff, for defendant's testator, on the 21st March, 1864, amounting to $291.09; and a count on an account stated between them on the 10th November, 1869. The defendant pleaded—1st, *non assumpsit;* 2d, payment; 3d, the statute of limitations of three years, with an averment that the claim sued on was an open account; 4th, the statute of limitations of six years; and, 5th, accord and satisfaction. The plaintiff took issue on the first, second, and fifth pleas; replied to the third, that on the 10th November, 1869, on a statement of accounts between plaintiff and said Acklen, the balance sued for was ascertained to be due to plaintiff, and Acklen promised to pay it; and to the fifth, that on said statement of accounts, a balance being ascertained in favor of the plaintiff, Acklen promised to pay it, and made a partial payment of $20 on the 10th November, 1869.

On the trial, as the bill of exceptions shows, the plaintiff offered in evidence an account made out in his favor against said William Acklen, which was without date except the year 1864, and which contained the following items: "Paid hauling 24 B. C. to Beirne's, $182.70;" "Bailing, rope, and twine, for 24 B. C., $108.39;" the two items together amounting to $291.09. On said account was an indorsement in these words: "Huntsville, November 10th, 1869, twenty dollars on the within account;" to which the plaintiff's name was signed. The defendant objected to the reading of this indorsement to the jury, and the court sustained the objection. "The plaintiff then introduced as a witness James V. A. Hinds, who testified as follows: In the year 1864, witness was the book keeper and agent of the plaintiff, and as such agent, in February, 1864, he contracted with William Acklen, defendant's testator, in said county of Madison, for the purchase of all his crop of cotton, supposed to be about forty bales, on the following terms and conditions: to pay twenty cents per pound, and one-half the rise, and to furnish the baling, rope, and twine for baling, and to haul said cotton to town without charge. Pursuant to said contract, witness, as agent of plaintiff, furnished baling, rope, and twine, sufficient to bale said forty bales; and he received from said Acklen sixteen bales, and no more, and paid said Acklen for the same soon after the delivery thereof. The gin on Acklen's premises became broken, or out of order, so that witness had the remainder of the cotton hauled to the gin on the plantation of George P. Beirne, where it was ginned and baled, and was sold by said Acklen to other parties, and witness received no more of it. The account sued on is for the bagging, rope, and twine for the twenty-four bales of cotton

which Acklen thus failed to deliver, and for the hauling above stated. The account is in the handwriting of witness, and was taken by him from plaintiff's books, and is correct. Some time in April, 1864, witness, as agent of said Hickman, presented said account to Acklen, who admitted that he owed the account, but did not state what amount, or when due. The witness further stated, that thereafter—some four or five years, he thinks—plaintiff came to Huntsville from Nashville, which was his home, and brought said account with him; that he, at the request of said plaintiff, went with him to Acklen's residence; that said account was the subject of conversation between them, and Acklen admitted it to be just; and that, while there, he saw Acklen pay plaintiff a bank bill, but does not know what amount it was. The plaintiff then asked said witness to look at the indorsed credit, and say in whose handwriting it was; and he answered, that it was in the handwriting of plaintiff. Plaintiff then asked him, whether he saw said Hickman make said indorsement, and when; to which he answered: "After we left Acklen's house, we came up to town, to the square; and it was there, and on the same day, but the day of the month or year he does not recollect, he saw Hickman make the indorsement; and that Acklen was not present.' The indorsement was thereupon read to the jury, against the defendant's objection, and he excepted. The witness testified, that it was on the same day he saw some money paid by said Acklen to Hickman, but he don't know how much, and cannot state the day, or the month, or the year, when it was done, or on what account the money was paid, except from what Hickman told him. The defendant objected to the evidence of what Hickman told the witness in the absence of Acklen; which objection was sustained by the court. To this evidence the defendant objected, but his objection was overruled; to which he excepted. This was all the evidence."

"The defendant asked the court to charge the jury, in writing, that if the plaintiff relied on the payment indorsed on the account, so as to stop the operation of the statute of limitations, such payment must be proved to have been made at the time it bears date. The court refused this charge, and instructed the jury, of its own motion, that it was not necessary for the credit to have been indorsed on the account, or to be in writing, in order to remove the bar of the statute of limitations; that it was sufficient, if they were satisfied that a payment was made on the account before the bar of the statute was complete, though the exact time was not proved; and if the payment was made within six years, the account is not barred by the statute of limitations of six years. To the

[Acklen's Executor v. Hickman.]

charge given, and to the refusal of the charge asked, the defendant excepted.

"The defendant asked the court, in writing, to charge the jury, that a preponderance of evidence merely, inclining the minds of the jury to sustain the plaintiff's claim, can not be regarded as sufficient. The court refused this charge, and the defendant excepted to its refusal.

"The defendant also asked the court, in writing, to charge the jury, that if they believed Hickman, the plaintiff, bought the cotton at the time and place specified by the witness Hinds, namely, in February, 1864, in Madison county, Alabama, the sale was illegal; and if they believe that the account sued on was a part of said contract of sale, then the same was illegal, and will not support this action, and they must find for the defendant. The court refused this charge, and the defendant excepted to its refusal."

The rulings of the court on the evidence, the charge given, and the refusal of the charges asked, are now assigned as error.

JOHN W. WEEDEN, and WALKER & SHELBY, for appellant.

HUMES & GORDON, and BRANDON & JONES, contra.

STONE, J.—The Circuit Court erred in admitting in evidence the indorsement of credit on the account. It was not shown that such indorsement was true, either as to the amount of money paid, or the time of payment. A partial payment made on a debt is treated as a recognition of its correctness, to the extent then claimed; and if made before the bar of the statute is complete, it wipes out all previously accrued time, and such payment fixes a new date from which the statute begins to run. A mere indorsement, however, made by the holder of the paper, without proof of payment actually made, and at a time before the bar is complete, is not evidence of payment.—See Knight v. Clements, 45 Ala. 89.

2. Evidence, in a civil cause, must be sufficient to satisfy the minds of the jury. Preponderance, unless it produce that result, is not enough. The charge asked, however, was rightly refused, because it was calculated to mislead. 1 Brick. Dig. 871-2, §§ 964-5.

3. There is no question of alien enemy between Acklen and Hickman, so for as we are informed by this record. To bring a case within that rule, the parties contracting must be, at the time, under the dominion of different and opposing flags.

Reversed and remanded.