# Chapman *v.* Barnes.

*Action on Common Money Counts.*

1. *Partial payments as removing statutory bar.*—Partial payments on a debt, made after the statute of limitations has effected a bar (Code, §§ 2628–9), are not sufficient to remove the statutory bar.

2. *Subsequent promise to pay.*—A subsequent promise to pay, made after the statute of limitations has effected a bar ,(Code, § 2628), must be unconditional in its terms, and must contain an admission of indebtedness in a certain and definite sum, or a promise to pay a certain and definite sum.

3. *General charge on evidence; presumption in favor of judgment.* When the general charge on the evidence is the only matter assigned as error, and the bill of exceptions does not purport to set out all the evidence, this court will presume that there was other evidence which justified the charge.

APPEAL from the Circuit Court of Marengo.

Tried before the Hon. WM. E. CLARKE.

This action was brought by R. Chapman as the administrator of the estate of Andrew *J.* (or Andrew *A.*) Amason, deceased, against A. G. Barnes, who was a nephew of said Amason; and was commenced on the 5th October, 1888. The original complaint contained only the common money counts, and an amended complaint was filed which contained more specific averments, claiming $1,600, with interest, as the balance due from the defendant to said Amason at the time of his death, which occurred in July, 1882. The defendant pleaded the general issue, and the statute of limitations, and issue was joined on these pleas. The evidence adduced on the trial showed, without contradiction, that the defendant went to Texas in 1870–71, and brought back his uncle, said Amason, to the house of a sister, Mrs. Hibbler, who lived in Mississippi, and with whom said Amason continued to live until his death in July, 1882; that Amason brought back with him $6,000, or more, which he placed in the hands of the defendant to be used as his agent; and that the defendant had paid out, or accounted for, all of this money except the balance sued for in this action. The plaintiff read in evidence a letter written by the defendant to said Amason, dated February 4th, 1882, which purported to inclose "N. Y. exchange for $200" in answer to a request for money, and further contained these expressions: "I don't want you to think that you can't

[Chapman v. Barnes.]

get more, if you want it; but, if you can get along with this for a while, I shall be glad.   But understand this: if you do need or want more, call for it without hesitation, and you shall have it."    Also, two letters written by the defendant after the death of said Amason, one addressed to Mrs. Mary Watrous, who was a neice of said Amason, and the other to her husband; each of them relating to said Amason's estate, and the defendant's indebtedness to it.    The letter to Mrs. Watrous was dated October 15th, 1882, and contained these expressions : "I owe the estate between $1,600 and $1,700, and I expect to pay the estate what I owe within the next twelve months. . . Uncle A. brought $6,000 from Texas, which he intrusted to me as his agent, and I have had exclusive control of it, except the $2,200 paid for the mill property.    I have accounts, receipts, &c., to show that it was paid out for his benefit, and on his order.    He drew on me to pay all his accounts, and for all the money he has needed from time to time.    For his living expenses, &c., he drew on the fund left in my hands, which reduced it to the amount named in above statement."    The letter to Mr. Watrous was dated Sept. 28th, 1883, and, after referring to a former letter in which he had declared his inability to pay his indebtedness to the estate "this Fall," and his offer to convey to the other distributees an undivided one-half interest in a plantation in satisfaction of his indebtedness, stated that Mrs. Mary Hibbler, his aunt, proposed to accept his indebtedness to the estate in satisfaction of a claim for $1,200 which she had filed against it, and to grant him longer time to pay his indebtedness ; and in reference to the amount of this indebtedness, the letter contained these words : "You see I now owe the estate only about this amount, having paid out some $400 since Uncle A.'s death."    The defendant, testifying as a witness for himself, "stated that he took $1,600 of the money turned over to him by his uncle, within a year after getting it in 1871, and paid off a debt on the home which had been contracted by his father."

The court charged the jury, on request, that they must find for the defendant, if they believed the evidence.   The plaintiff excepted to this charge, and here assigns it as error.

Jno. C. Anderson, for the appellant, cited *Steele v. Steele*, 64 Ala. 438; *Nooe v. Garner*, 70 Ala. 443; 65 Ala. 222.

Geo. W. Taylor, contra, cited *Grimball v. Mastin*, 77 Ala. 553 ; *Scott v. Ware*, 64 Ala. 174; *Wright v. Paine*, 62 Ala. 340; *McDowell v. Potter*, 49 Amer. Dec. 503, 508, note; 40 Amer. Dec. 411.

[Chapman v. Barnes.]

McCLELLAN, J.—It is uncontroverted in this case, that the defendant converted sixteen hundred dollars left in his hands by plaintiff's intestate, to his own use, within one year after receiving it in 1871 ; and it is admitted that of the gross sum left with him he had repaid to plaintiff's intestate all except the amount thus converted. As to the claim now represented by plaintiff to that money, the statute of limitations began to run from that time, and the bar of the statute was complete before the payments proved to have been made in 1882. Those payments could not, therefore, perform any office by way of removing the bar.—Code, §§ 2628–9 ; *Acklen v. Hickman*, 60 Ala. 568 ; *Harwood v. Harper*, 54 Ala. 659 ; *Wright v. Paine*, 62 Ala. 340 ; *McDowell v. Potter*, 49 Am. Dec. 503, and note ; *Campbell v. Boggs*, 48 Pa. St. 524.

The letter of February 4th, 1882, from Barnes to Amason, is lacking in the essentials of an unconditional promise to pay necessary to the removal of the statutory bar already perfect, in that it fails to state the amount of indebtedness, and fails to set forth a promise to pay any sum certain. Its assurance to the creditor, "If you need or want more, call for it without hesitation, and you shall have it," not stating the amount due, or how much "more" would be paid on demand, does not operate as such promise as will take any sum from under the bar of the statute. As was said by the Supreme Court of Pennsylvania: "There must be a clear and definite acknowledgment of the debt, a specification of the amount due, or a reference to something by which such amount can be definitely and certainly ascertained, and an unequivocal promise to pay."—*Miller v. Baschore*, 83 Pa. St. 356; *Landis v. Roth*, 109 Pa. St. 621.

This leaves for consideration, on the question whether the bar of the statute was removed by a written promise of defendant, the letters of October 15th, 1882, and September 23d, 1883, to Mrs. and Mr. Watrous respectively. They are certainly not wanting in acknowledgments of the indebtedness, and are, it may be admitted, sufficiently specific as to the amount thereof. They express a desire and expectation to pay it. They evince a purpose and willingness to pay it after a time. They contain propositions looking to a settlement of it, at one time by the conveyance of certain landed interests to the heirs of the intestate, and, at another, through the satisfaction of a claim which had been or would be asserted against the estate. But neither of these letters can be construed into an unconditional promise to pay the debt, nor into an acknowledgment of its existence accompanied with an unequivocal expression of a willingness to presently pay it, from

[Draper, Matthis & Co. v. Nixon.]

which, in many jurisdictions at least, the unconditional promise required by statute might be implied. The letters do not import the written absolute undertaking to pay the debt required to a removal of the bar of the statute.—Code, § 2628; *Scott v. Ware*, 64 Ala. 174, 185; *Minniece v. Jeter*, 65 Ala. 222; *Grimball v. Mastin*, 77 Ala. 553; 13 Am. & Eng. Ency. of Law, pp. 754–6.

The only assignment of error in this case is addressed to the action of the trial court in giving the general charge at the instance of the defendant. The only controversy at the trial was upon the statute of limitations. The action of the court in ruling. in effect, that the claim brought forward by the plaintiff was barred, finds justification in the foregoing considerations. But, if we were of a different opinion than that announced above, yet we could not reverse the judgment of the Circuit Court, for the reason that the bill of exceptions does not purport to set out all the evidence, and it would be our duty to presume, in support of the trial court's action, that there was other evidence adduced upon which the affirmative charge for the defendant was properly rested.

Affirmed.