### In re McGUIRE & HANLEIN.

(District Court, S. D. Alabama.   August 27, 1904.)

No. 257.

**1. LIMITATIONS—NEW PROMISE—WRITING CONSTRUED.**

Bankrupts signed a duebill in the following words: "Due A. Dacovich Jan. 12, 1892, 5000, May 15, 1893, 3000, June 11, 1894, 2500. Value received. Sept. 1st, 1898." *Held*, that such paper was not an "unconditional promise in writing" to pay the sums stated, within the requirement of Code Ala. 1896, § 2811, which removed the bar of the statute of limitations.

In Bankruptcy.   Review of decision of R. T. Ervin, referee, overruling objections to the claim of A. Dacovich.

Mitchell & Tonsmeire, Pillans, Hanaw & Pillans, B. F. McMillan, Jr., and Bestor, Gray & Bestor, for trustee and certain creditors contestants.

Inge & Armbrecht, for claimant.

TOULMIN, District Judge.   The sole question presented in this case is whether the writing upon which said claim is based is an unconditional promise in writing sufficient to remove the bar of the statute of limitations under section 2811, Code Ala. 1896.   The said writing is as follows:

"Due A. Dacovich
  "Jan. 12th, 1892     5000.00
  "May 15th, 1893     3000.00
  "June 11th, 1894     2500.00
          "Value received.
                "McGuire & Hanlein
                    "Sept. 1st, 1898."

In Bell v. Morrison, 1 Pet. 351, 7 L. Ed. 174, the court says:

"If the bar is sought to be removed by the proof of a new promise, that promise as a new cause of action ought to be proved in a clear and explicit manner, and be in its terms unequivocal and determinate. * * * If the expressions be equivocal, vague, and indeterminate, leading to no certain conclusion, but at best to probable inferences, which may affect different minds in different ways, we think they ought not to go to a jury as evidence of a new promise to revive the cause of action."

A mere acknowledgment of indebtedness is not enough. It must recognize an existing debt, and it must import an agreement to pay the indebtedness acknowledged. 4 Am. & Eng. Encyl. of Law (2d Ed.) 83. "A mere acknowledgment, though in writing, of the debt as having once existed, is not sufficient to raise an implication of such a new promise. To have this effect, there must be a distinct and unequivocal acknowledgment of the debt as still subsisting as a personal obligation of the debtor." Shepherd v. Thompson, 122 U. S. 231, 7 Sup. Ct. 1229, 30 L. Ed. 1156.

The Supreme Court of Alabama, in Chapman v. Barnes, 93 Ala. 433, 9 South. 589, in reference to certain letters (containing the alleged promises of the defendant), says:

"They are certainly not wanting in acknowledgments of indebtedness, and are, it may be admitted, sufficiently specific as to the amount thereof. They express a desire and expectation to pay it. They evidence a purpose and willingness to pay after a time. But they cannot be construed into an unconditional promise to pay the debt, nor into an acknowledgment of its existence, accompanied with an unequivocal expression of a willingness to presently pay it. * * * They do not import the written absolute undertaking to pay the debt required to a removal of the bar of the statute."

The language used in Chapman v. Barnes is, "I owe the estate between $1,600 & $1,700, and I expect to pay the estate what I owe;" and, again, "I now owe the estate only about this amount." The language to be construed here is:

"Due A. Dacovich
  "Jan. 12th, 1892     5000.00
  "May 15th, 1893     3000.00
  "June 11th, 1894    2500.00
      "Value received.
        "McGuire & Hanlein
          "Sept. 1st, 1898."

I think the language of the writing in the case of Chapman v. Barnes, supra, far more explicit and determinate and much stronger than that in the writing we are considering, and the court there held that it did "not import the written absolute undertaking to pay the debt required to a removal of the bar of the statute." "Due" means "owed" or "owing to." It implies an obligation or duty imposed by law—the duty of paying what is owed—but it does not of itself imply a promise to do so. The promise necessary to remove the bar must be express, or implied from the expressions used. The language of the writing under consideration, in my judgment, only imports that there was owing to A. Dacovich on the dates named in the writing the several sums therein specified. On this statement or acknowledgment the law implied an obligation on the part of the debtor to pay what was due, but the language used by him cannot be construed, expressly or impliedly, into an unconditional promise to pay the debt, which he was under obligation to pay. When the court, in Fleming v. Burge, 6 Ala. 373, said that a duebill was, in legal effect, a promissory note, it only announced a well-recognized principle that from a duebill the law implies an obligation to pay the amount acknowledged by it to be owing, as the law implies from a promissory note an obligation on the part of the promisor to pay the amount promised to be paid; yet a duebill and a promissory note are, in many respects, unlike. A duebill is not assignable by indorsement; a promissory note is. A duebill is not entitled to days of grace; a promissory note is. A duebill is a brief acknowledgment of a debt; a promissory note is a promise in writing to pay a specified sum at a time therein fixed. They are, however, in legal effect, the same, for the law implies a like obligation from each—the obligation to pay the debt acknowledged to be due by the one and the debt promised to

be paid by the other. In the case of Ross v. Ross, 20 Ala. 109, the language used by the debtor to the creditor was, "There are some notes and accounts between us that are probably out of date, and I am willing to acknowledge them all in date if you are." The creditor replied, "I always expected to do so." The court held that the language used was an acknowledgment of the correctness of the debt and a willingness to pay it, and that this was an implied promise to pay, and was equivalent to an express promise to pay, and took the case out of the statute of limitations. In the case of Townes v. Ferguson, 20 Ala. 147, the language used by the debtor was, "The account is a good one, but I cannot pay it before January, at which time I will be receiving money," etc. The court held that this was an admission of the correctness of the demand, and also a willingness to pay it, and prevents the bar of the statute from attaching. The case of Evans v. Carey, 29 Ala. 99, was where the plaintiff complained that he had paid a sum of money for the defendant as his indorser in bank, whereupon the defendant said that, if the plaintiff had paid anything on account of such indorsement, he (defendant) "was able and willing to pay it to plaintiff." The court held that the words amounted in law to an express promise, and on proof of the payment by plaintiff took the debt out of the statute of limitations. The decisions referred to must have been made before the present statute was enacted, for the promise in each case was verbal. The statute now is:

"No act, promise, or acknowledgment is sufficient to remove the bar of the statute of limitations except a partial payment, or an unconditional promise in writing, signed by the party to be charged thereby."

The promise may be express or implied, but it must be clear and explicit. If writings not wanting in acknowledgments of indebtedness, expressing a desire and expectation to pay it, and evincing a purpose and willingness to pay after a time, cannot be construed into an unconditional promise to pay the debt, and be held sufficient to remove the bar of the statute, as in Chapman v. Barnes, supra. I fail to perceive how the words used in the writing under consideration can be so construed. I do not think that the writing in question should be construed by the common understanding of a duebill in the business world, but by the words used in the particular writing, tested by the principles of law applicable thereto.

The decision of the referee is reversed, and the objection to the claim of A. Dacovich is sustained.