### DACOVICH v. SCHLEY et al.

(Circuit Court of Appeals, Fifth Circuit. January 10, 1905.)

No. 1,409.

1. BANKRUPTCY—CLAIMS—LIMITATIONS.

An indebtedness of one member of a bankrupt firm for money advanced on specified dates to be used in his business before the firm was organized, on which no payments of principal or interest were made, was barred by the six-years limitation provided by Code Ala. 1896, § 2796.

2. SAME—FIRM DEBT—ALLOWANCE.

One of the members of a bankrupt firm, being indebted to his father-in-law, disclosed such indebtedness to his partner on the formation of the firm, and the partner thereupon assumed one-half thereof as a part pay-

ment for his interest in the firm, whereupon a duebill was executed specifying the dates and amounts of the advancements, and signed in the firm name. *Held*, that such duebill thereby became a new indebtedness of the firm, and, not being barred by limitations at the time bankruptcy proceedings were instituted against the firm, was allowable as a claim against it, though the original indebtedness was barred.

Appeal from the District Court of the United States for the Southern District of Alabama.

For opinion below, see 132 Fed. 394.

Wm. B. Inge, for appellant.

Jas. W. Gray, H. Pillans, Henry Hanaw, Palmer Pillans, and Henry Tonsmiere, for appellees.

Before PARDEE and SHELBY, Circuit Judges, and NEWMAN, District Judge.

NEWMAN, District Judge. The appellant, A. Dacovich, sought to prove in a bankruptcy proceeding against McGuire & Hanlein, a firm composed of Charles W. McGuire and Frank J. Hanlein, a debt which was evidenced by an instrument in writing presented by him, as follows:

"Due A. Dacovich.

| | |
|---|---|
| "Jan. 12, 1892 | 5000.00 |
| "May 15, 1893 | 3000.00 |
| "June 11, 1894 | 2500.00 |

"Value received,

"McGuire & Hanlein.

"Sept. 1st, 1898."

The trustee objected to the proof of this debt on the grounds. shown' in the record, as follows: First. Because said claim is not based upon a subsisting demand against said bankrupt estate. Second. Because the claim is barred by the statute of limitations of three years. Third. Because the claim is barred by the statute of limitations of six years. Fourth. Because said claim is based upon an indebtedness of Charles W. McGuire to A. Dacovich, and is void as to said bankrupt estate, because there is no promise in writing expressing the consideration therefor subscribed by McGuire & Hanlein, promising to answer for the debt of said McGuire to said Dacovich. The referee overruled the objections and allowed the debt to be proved. This action of the referee, on certificate to the District Judge, was by the said District Judge reversed, and a decision rendered sustaining the objections. The decision was placed upon the ground that the debt was barred by the statute of limitations of Alabama, and that the instrument which it was claimed removed the bar of the statute was insufficient for that purpose. The evidence in the case is briefly summarized in the record as follows:

"The testimony of both partners, McGuire and Hanlein, showed that McGuire had been doing business when he took Hanlein in about the date of this paper; that McGuire had borrowed from A. Dacovich the sums of money shown by this duebill on the dates named therein, and said sums were used in McGuire's clothing business to start him in such business; that Dacovich was the father-in-law of both McGuire and Hanlein; that McGuire had not paid Dacovich anything on account of these advances either by way

of principal or interest; that when the partnership with McGuire and Hanlein was formed Hanlein was informed by McGuire of the indebtedness owing by McGuire, including this indebtedness to Dacovich; that on the formation of the partnership it was agreed that Hanlein should come into the business, assuming his share of the indebtedness then owing; that Hanlein paid five thousand dollars for the half interest in the business, and that on the formation of the partnership this paper was signed and given to Dacovich."

We do not find it necessary to determine whether the duebill in question would, under the statutes and decisions in Alabama, be sufficient to prevent the running of the statute of limitations. The original debt unquestionably would be barred in six years from its date. Code Ala. 1896, § 2796. So that we must consider the effect of this duebill under the circumstances. The original debt was from McGuire individually to Dacovich. In 1898 Hanlein bought from McGuire a half interest in a stock of merchandise, the purchase price of such half interest being $5,000. As a part of the contract of purchase, Hanlein agreed to assume his share of the indebtedness at that time of McGuire. A part of this indebtedness of McGuire was the claim of Dacovich, of which Hanlein was informed. The duebill in question was thereupon given, as a part of this arrangement, by McGuire & Hanlein to Dacovich. It became, therefore, a new indebtedness of McGuire & Hanlein, and a valuable consideration passed at the time. Hanlein obtained a half interest in McGuire's business, and the old debt due by McGuire individually to Dacovich was extinguished. An entirely new liability by the firm of McGuire & Hanlein was created, and one which, it seems to us, could have been enforced in the courts of Alabama or elsewhere. The duebill of McGuire & Hanlein was an original liability of the firm. While it is in the form of a duebill, it is, in effect, a promissory note of the firm. Fleming v. Burge, 6 Ala. 373. The bankruptcy proceedings in question are against McGuire & Hanlein as a firm and against the members of the firm individually. The indebtedness is proven in the bankruptcy proceeding by Dacovich against McGuire & Hanlein. We see no good reason why this duebill, given for a sufficient consideration by McGuire & Hanlein within six years, should be excluded from proof in the bankruptcy proceedings against that firm. Consequently the judgment of the District Court is reversed, with directions to permit the claim to be proven in the bankruptcy proceedings.