## HELLMAN v. KIENE.

1. **Assignment for Benefit of Creditors:** RIGHT OF ASSIGNOR TO REVIVE DEBT BARRED BY STATUTE. After a debtor has made an assignment for the benefit of his creditors, he may still revive a debt owing by him, but which is barred by the statute of limitations, by a promise in writing to pay the same, and such revival will bind the assignee and the other creditors. (*Day v. Baldwin*, 34 Iowa, 380, distinguished.)

*Appeal from Dubuque Circuit Court.*

THURSDAY, DECEMBER 15.

THIS is a proceeding under an assignment for the benefit of creditors. A claim filed by plaintiff was rejected by the decision of the circuit court. Plaintiff appeals.

*Graham & Cady*, for appellant.

*Fouke & Lyon*, for appellee.

BECK, J.—I. William Stolteben assigned his property to defendant for the benefit of his creditors. The plaintiff filed a claim with the assignee, based upon six promissory

notes made to him by the assignor. As to five, there is no dispute; but the assignee and the creditors, other than plaintiff, object to the payment of the other one, on the ground that it was barred by the statute of limitations before the assignment. After the claim of plaintiff was filed with the assignee, the assignor made a promise in writing to pay this note. The circuit court held that this new promise does not remove the bar of the statute of limitations, which is set up by the assignee and the other creditors. The question for our determination in the case is this: Is it competent for the assignor, after the assignment is made, to make a new promise in writing to pay, which will have the effect to revive the debt, thus removing the bar of the statute? The circuit court held that it would not. We think the decision should have been the other way.

II. The assignment transferred the legal title of the property of the assignee, to be held in trust by the assignee for the payment of the creditors of the assignor, and, if any balance remained, to pay to the assignor, who continued to hold a trust interest to that extent in the property. The assignment did not change the relation of the creditors and the assignor. He continued to be the debtor, and his contracts upon which his indebtedness arose continued binding upon him. The only effect of the assignment, as between the debtor and creditors, was to subject the property assigned to the payment of his debts. The assignee, under the law, is charged with the power and duty to devote the property to that purpose. He cannot by his acts or objections change the rights and relations existing under the contract between the assignor and his creditors.

The statute provides that an action on a promissory note is barred in ten years, and that a cause of action thus barred is "revived * * * by a new promise to pay the the same," made in writing. (Code, § 2539.) This new promise, is, of course, to be made by the debtor. The statute does not contemplate the promise of any other person.

Therefore it cannot be made by the assignee, and the statute of limitations, conferring upon the debtor a personal right to protection, cannot, therefore, be invoked by any other person. (See *Sanger v. Nightingale,* 7 Sup. Ct. Rep., 1109.) An executor or an administrator may plead the bar of the statute, (*Sanders v. Robertson,* 23 Miss., 389,) on the ground, probably, that he stands in the place of the deceased, and may enforce all of the personal rights he held while living. But an executor or administrator cannot revive the debt, after it is barred, by a new promise to pay, for the reason, probably, that he was not the party making the original promise, and is not authorized to renew the promise of the decedent, and bind the estate thereby. (See *Bloodgood v. Bruen,* 8 N. Y., 362; *Henderson v. Ilsley,* 11 Smedes & M., 9.) The right to invoke or waive the protection of the statute, being personal in its nature, can be exercised by the debtor, and by him alone. He may be required, in good conscience, to waive it and revive the debt. The law will in no manner impose a burden upon him by forbidding him to do that which his conscience directs him to do. If he revive the debt by a new promise, the other creditors have no ground to complain. They are deprived of no right which is paramount to the right of the creditor whose debt is revived. They possess no lien or priority which is defeated. They do not stand in the position of purchasers, and hold no equity superior to the other creditors.

III. *Day v. Baldwin,* 34 Iowa, 380, is not in conflict with our conclusions. The person making the admission which in that case was set up as reviving the debt had no interest in the event of the suit, and it was not sought to bind him by the judgment. In this case, the assignor is the debtor, notwithstanding the assignment, and he has an interest in the distribution of the proceeds of the property assigned, and is entitled to the surplus, should any remain after the debts are paid.

It is our opinion that the judgment of the circuit court ought to be                                           REVERSED.