# Chestnut Street Trust & Saving Fund Company's Assigned Estate.

*Assignment for creditors—Rights of creditors—Principal and surety—Guardian and ward.*

The rights of creditors of an assigned estate are fixed at the date of the assignment. Only those who are creditors of the assignor at that date are entitled to participate in the distribution of the proceeds of the estate. A creditor is one who had a definite demand against the estate, or a cause of action capable of adjustment and liquidation upon a trial. Debts due in præsenti and payable in futuro are claims against the assignor, for which his estate is liable in the hands of his assignee. So also are damages resulting from the breach of a contract occurring prior to the assignment.

Generally any claim against the assignor which is certain or may be reduced to certainty at the date of the assignment is a debt payable out of the assigned estate, but a claim arising after the date of the assignment will not be allowed to participate in the distribution, nor will the possibility of a claim, depending upon the happening of a contingency in the future, constitute a demand for which the assigned estate is liable. The holders of such claims are not creditors entitled to payment out of the estate of an insolvent assignor.

Where a trust company makes an assignment for the benefit of creditors, and delivers to its assignee all of its general assets, but retains and continues to administer its trust funds, and thereafter certain funds held by it as surety for a guardian are stolen by one of the officers of the company, the ward cannot participate as a general creditor in the distribution of the fund in the hands of the assignee for the benefit of creditors, inasmuch as no liability had accrued in favor of the ward at the date of the assignment for the benefit of creditors.

Argued January 10, 1907. Appeal, No. 184, Jan. T., 1906, by Louisa T. Cochran, from order of C. P. No. 2, Phila. Co., Dec. T., 1897, No. 430, dismissing exceptions to auditor's report in Assigned Estate of the Chestnut Street Trust & Saving Fund Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Exceptions to report of auditor.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in dismissing exceptions to report of auditor.

*Edmund Randall*, with him *James A. Flaherty*, for appellant.—To hold a corporation, chartered for the purpose and making a business of entering security bonds in the courts of this commonwealth, able to discharge its estate from liability by a voluntary assignment for the benefit of creditors, is contrary to public policy.

The bond of the surety company having been accepted by the orphans' court upon the faith of its assets, they were hypothecated for its payment, and it was an equitable lien upon them. Such contingent claims are payable: White v. Com., 39 Pa. 176; Dickinson v. Callahan, 19 Pa. 231; Voetter's Est., 7 Dist. Reps. 230; Oyster v. Short, 177 Pa. 601.

No argument offered nor printed brief filed for appellee.

OPINION BY MR. JUSTICE MESTREZAT, February 25, 1907:

The learned auditor has found and stated the facts of the case, and we think they sustain his conclusion. We recognize the importance of the principle involved and the hardship to the claimant if unsuccessful, as suggested by appellant's counsel, but if the principle ruling the case is settled law, as we think it is, we cannot disregard it and permit " a hard case to make bad law." If in such cases, cestui que trustent should have better protection from trust companies which are permitted to become sureties on the bonds of their trustees, the remedy is with the legislature. The judicial department of the government cannot usurp the functions of the legislature, and by construction do that which lies exclusively within the province of that department of the government. This is sometimes urged by counsel in the interest of their clients, and also occasionally attempted by courts.

The single question presented for our consideration is the right of the appellant to participate in the distribution of the assigned estate as a creditor by reason of the liability which the trust company incurred as surety on the bond of the appellant's guardian who failed to account for the funds of her

ward. The assignment of error raises but this one question. Whether the appellant has another remedy in this or another forum, and whether the trust company and its assigned estate can be held as agent or trustee for the funds placed in its hands and are now unaccounted for are questions which are not raised on this record, and with which we are not now concerned. This claim, as presented in the court below and here, is upon the trust company's bond as surety for the guardian, and is against the company's insolvent estate for a pro rata share of the amount which the guardian failed to pay her ward. That there can be no recovery on the bond, we think is clear.

The bond given by the guardian and the trust company as surety was approved on December 7, 1889, and was conditioned for the faithful performance of the duties of the guardian. The securities of the ward were delivered by the guardian to the trust company which entered them in its book in which it entered property held by it in a fiduciary capacity. The trust company made an assignment for the benefit of its creditors on December 24, 1897. Subsequently, in March, 1901, the treasurer of the trust company fraudulently disposed of the securities for his own use. At the date of the assignment, therefore, there had been no breach of the bond given by the trust company as surety of the guardian. The securities were then intact and could have been recovered from the company at that time or at any time prior to March, 1901, when they were fraudulently appropriated by its treasurer. Hence, there was no breach of, or liability on, the bond of the surety for more than three years after the assignment of the trust company for the benefit of its creditors. This being true, the appellant had no claim against the company on the bond at the date of the assignment and, therefore, is not entitled to share in the distribution of the proceeds of the assignor's estate.

The rights of creditors of an assigned estate are fixed at the date of the assignment. Only those who are creditors of the assignor at that date are entitled to participate in the distribution of the proceeds of the estate. A creditor is one who has a definite demand against the estate, or a cause of action capable of adjustment and liquidation upon a trial : Reading Iron Works, 150 Pa. 369. Debts due in præsenti and payable

in futuro are, of course, claims against the assignor for which his estate is liable in the hands of his assignee. So also are damages resulting from the breach of a contract occurring prior to the assignment. And, generally, any claim or demand against the assignor which is certain, or may be reduced to certainty at the date of the assignment, is a debt payable out of the assigned estate. On the other hand, a claim against the assignor arising after the date of the assignment will not be allowed to participate in the distribution of his estate. And it may be added that the possibility of a claim, depending upon the happening of a contingency in the future, will not constitute a demand for which the assigned estate is liable. The holders of such claims are not creditors entitled to payment out of the estate of an insolvent assignor.

Applying these principles to the case in hand, it is manifest that the appellant has no claim on the funds in the hands of the assignees of the trust company. At the date of the assignment the condition of the assignor's bond had not been broken, and the appellant had no claim which she could have successfully asserted against the assignor. Hence, if she had brought an action against the trust company on that date, she would have been nonsuited because she had no claim or demand, and hence no cause for which an action would lie on the bond. The fact that at some time in the future she might have a claim arising out of the breach of the bond would not support an action nor give her a demand against the obligor's insolvent estate in the hands of its assignees. A conditional bond, such as the one in question, does not create an indebtedness absolutely payable in the future, but is an obligation which becomes an indebtedness on the happening of a contingency, and, until the contingency occurs, there is no claim or demand which can be enforced against the assignor or his estate. It is apparent, therefore, that under the facts of this case the appellant had no claim against the assignor company at the time of its assignment, and hence can have no claim against the assets which the company assigned for the benefit of its creditors. She is now asserting her right to participate in the fund for distribution as a creditor of the trust company, and her rights are those only of a creditor. As such, she must look for payment to the assignor company and not to its estate, which

passed from it to the company's creditors before it became her debtor.

The doctrine announced in Jones v. Cooper (Vt.), 16 Am. Dec. 678, is in harmony with our conclusion in this case. That was a claim against an insolvent intestate's estate arising on a bond of indemnity given by the deceased to secure the claimant against liability on a bond, on which he was surety for the deceased as guardian. The administrator denied the right of the claimant to participate in the distribution of the insolvent's estate of his decedent because there had been no breach of the guardian's bond. In sustaining this position, and in discussing what demands may be proved against an insolvent estate, the court said (p. 680): "Where there is no subsisting debt or duty, or where the claim, if payable or to be satisfied at a future day, rests in contingency, and it is uncertain whether or not any demand will accrue, it cannot be allowed. There must be a present debt or duty, or a demand in præsenti, payable or to be satisfied at all events in futuro. . . . In cases of insolvent estates, where there is no present duty, and it depends on some future event whether or not a demand will arise, it is obvious that no claim exists which can be proved before the commissioners. . . . The claim must be one which is capable of being liquidated and valued. A contract for the payment of a certain stated sum, or the delivery of certain articles of property, or for the performance of specific acts or services, if to be performed at all events, though at a subsequent time, may be the subject of valuation; but where the performance of the contract depends on a contingency which may never happen, it is evident that it cannot be valued. As the bond declared upon in this case is not for the payment of a sum certain, or the performance of an act at all events, so as to raise a present debt or duty, but is conditional, depending on a contingency, it follows that there must at least be a breach of the condition and a consequent forfeiture of the bond to give the appellant a demand against the estate of the intestate."

We have examined the cases cited by appellant and none of them rule this case in her favor. Where the claim was allowed in any of them it was capable of liquidation at the date of the assignment.

The assignees are not responsible to the appellant as bailees

of her securities, for the reason that they had no right to the possession of the securities, and in fact never had possession of them. The trust company acquired possession of the securities and held them as it held other property in a fiduciary capacity, and when it assigned its own assets for the benefit of creditors these securities were not included, and did not pass to the assignees. The assignment did not dissolve the trust company: Germantown Pass. Ry. Co. v. Fitler, 60 Pa. 124, and it continued business to the extent of winding up its fiduciary business. It held these securities until they were stolen by its treasurer in March, 1901. If the appellant could trace the securities to the assignees it would raise another and different question than the one raised on this appeal.

The assignment of error is overruled and the decree is affirmed.