# Combs *v.* Greene, *et al.*

## *Bill for Partition.*

(Decided April 24, 1913. 61 South. 898.)

1. *Partition; Disputed Title; Jurisdiction of Equity.*—In an action for partition, equity.has jurisdiction to determine the controverted question of title raised by the answer (section 5232, Code 1907).

2. *Descent and Distribution; Widow's Share.*—Upon a decedent's death, leaving no minor children, and leaving land of less value than $2,000, and less than 160 acres in area, the absolute fee in such land passed to his widow, notwithstanding there has been no proceeding setting such lands apart to her as her homestead exemption.

APPEAL from Lee Law and equity Court.

Heard before Hon. LUM DUKE.

Bill by Vindy Greene and others against Henry Combs for partition of land. From a decree granting complainants relief respondent appeals. Affirmed.

The bill allleges that the complainants and respondents John Whitton, Sidney Greene, and Willie Greene are tenants in common of certain lands, setting out the facts as they appear in the opinion. Henry Combs denied the joint tenancy, setting up that he was the sole owner of said property, and in the possession thereof, claiming it as his own, against all persons whatsoever.

LEADER & EWING, for appellant. Liza Combs had no title except a life estate.—Secs. 2069, 2071, Code 1896; *Medley v. Shipes,* 58 South. 305; *O'Daniel v. Gaynor,* 150 Ala. 205. It appears that there was no judicial ascertainment of insolvency, and no proceedings taken towards setting apart the homestead to the widow, and hence, she took nothing better than a life estate in the lands.—*Hosea v. Davis,* 142 Ala. 211; *Brooks v. Johns,* 119 Ala. 412; *Newell v. Johns,* 128 Ala. 584, and authorities supra. The title being in dispute the court was without jurisdiction to order partition.—*Hillins v. Brinsfield;* 108 Ala. 615; *Sellers v. Friedman,* 100 Ala. 499, and cases cited.

B. T. PHILLIPS, for appellee. The appeal should be dismissed because the transcript was not filed in time. —Sec. 2870, Code 1907. The chancery court has jurisdiction to settle controverted questions of title on partition proceedings.—Sec. 5232, Code 1907. Under the facts in this case, the widow Liza Combs, on the death of the husband, took absolute title to the land in question.—Code of 1896; *Eastman v. Eastman,* 83 Ala. 478; *Wilkin v. Walkers,* 22 South. 476; *Dickinson v. Chap-*

*man,* 52 South. 445; and numerous other authorities. Where the widow of two husbands bears children by each, the children of each husband share alike in her estate, where she takes by virtue of the statute as widow of deceased husband.—*Eastman v. Eastman,* 83 Ala. 478; *Wilkins v. Walker,* 22 South. 476; *Dickinson v. Champion,* 52 South. 445.

McCLELLAN, J.—Bill Combs died during the year 1906, intestate and owning the fee in, and then residing upon, the 100 acres of land described in the bill. These lands were of a value less than $2,000, and constituted *all* the lands owned by Bill Combs at the time of his death. Subsequently, in the year 1906, Liza Combs, his widow, died. No minor children, of his union with Liza, survived him. She left six heirs at law, and two of these exhibit this bill against the other four, to effect a sale of the land for division among them under the statutes to that end (Code, § 4231).

The court possessed jurisdiction to determine the controverted question of title raised by the answer.—Code, § 5232. The bill alleges that the six persons mentioned were the joint owners of, or tenants in common in, the lands described therein. The court granted the prayer of the bill, and decreed a sale of the land for division.

According to and by virtue of the statues in like circumstances, Liza Combs, the widow, became, upon the death of her husband, vested with the absolute fee in the lands described in the bill; and so, notwithstanding there was no proceeding setting apart such lands as the homestead exempted to the widow.—*Faircloth v. Carroll,* 137 Ala. 243, 34 South. 182; *Thacker v. Morris,* 166 Ala. 401, 402, 52 South. 73; *Dickinson v. Champion,* 167 Ala. 613, 52 South. 445; *Hall v. Hall,* 171 Ala. 618, 55

[Mackintosh, et al. v. Stewart.]

South. 146; *Hodges v. Hodges,* 172 Ala. 11, 54 South. 618, among others.

The decree is affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.