## Givens v. Franklin and Robert Mason.

### (Decided October 21, 1924.)

### Appeal from Bell Circuit Court.

1. Specific Performance—Presumed that Contract of Sale was Oral Not Alleged to be in Writing.—Where pleading in suit for specific performance does not allege contract for sale of land was in writing, it must be presumed to have been oral.

2. Frauds, Statute of—Oral Contracts to Convey Land are Not Void, but are Only Unenforceable.—Oral contracts for sale of land are not void or illegal, but are only unenforceable, when statute is relied on.

3. Frauds, Statute of—Plea is Personal.—Plea of statute is personal, and can only be invoked by parties sought to be charged, and can not be invoked by third parties generally, or creditors.

4. Frauds, Statute of—Privies of Vendor Under Oral Contract May Rely Upon Statute, Including Mortgagee.—Privies of vendor under oral contract may rely upon statute, even though they had knowledge of vendor's previous contract to sell, and mortgagee is within the rule.

ISHAM G. LEABOW for appellant.

N. J. WELLER for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

On October 14, 1907, Franklin Mason and Nelson Mason loaned $1,160.00 to J. J. Evans. To secure this debt Evans and his wife executed and delivered to them a mortgage on 175 acres of land in Bell county. After Nelson Mason's death his father, as his heir at law, and Franklin Mason brought this suit to enforce their lien. The land was sold and they became the purchasers, re-

ceiving a deed therefor on December 28, 1911. The deed was duly recorded and they took possession of the land, and have since retained such possession.

On September 22, 1917, William Givens filed this suit for specific performance of a contract for the purchase of this land alleged to have been made between him and Evans on the 7th of April, 1906. He also sought to have the Mason deed and mortgage canceled on the ground that Franklin and Nelson Mason had notice of this contract at the time they made the loan to Evans and accepted the mortgage.

Evans was duly summoned but took no steps of any kind in the suit. The Masons filed a demurrer to the petition. This was not acted upon and the issues were completed by their answer. Proof was taken and on final hearing the court dismissed the petition and Givens appeals.

That pleading does not allege that the contract was in writing, hence it must be presumed to have been oral. No exhibits were filed with it or referred to in the petition, but a letter and receipt were introduced in evidence which it is claimed met the requirements of the statute of frauds, though this is doubtful.

The petition states the purchase of 150 acres of land; that plaintiff already owned the mineral rights in 100 acres of it; that for this he agreed to pay $10.00 per acre additional for surface title, and for the other fifty acres he agreed to pay $20.00 per acre, making a total consideration of $2.000.00. It recites the payment on this of $10.00 in cash and $50.00 or $60.00 in store accounts, and alleges that the remaining consideration should be payable from time to time as plaintiff was able, and when finally paid deed should be made. It does not, however, show any payment during the ten years elapsing before suit was brought, nor aver plaintiff's ability to pay; nor is it averred that the plaintiff acquired any possession of the land.

It thus appears from the petition that if a contract was made, it was clearly within the statute of frauds; it might be said that the proof was to the same effect. However, Evans, the party sought to be charged in the contract, has not raised that question; in fact desires it to be performed. Can the other defendants invoke that remedy? Such contracts are not void or illegal, and are enforceable unless the statute is relied on; hence in general the plea of the statute is personal, and can only be

invoked by the parties sought to be charged. 25 R. C. L.; Statute of Frauds, section 380; Bohannon v. Pace, &c., 6 Dana 194; Cleary Heirs v. Marshall Heirs, 5 B. Monroe 269; case note, 127 A. S. R. 756; Jacobs v. Smith, 28 Ky. 380. This applies to third parties generally, and includes creditors; 25 R. C. L., section 285; Elliott v. Scoville's Assignee, 144 Ky. 585; Walker v. Walker's Assignee, 41 S. W. 315, and a lien creditor by virtue of an execution to invoke it. Section 386 R. C. L., *supra.*

On the other hand, privies of the vendor may rely upon the statutes, and it has been held that the mere fact that the second purchaser had knowledge of the vendor's previous oral contract to sell, does not preclude him from setting up the defense of the statute. Section 383 R. C. L., *supra.* See also 127 A. S. R. 772-775-762; 50 L. R. A. (N. S.) 883. This is based on the theory that the vendor in an oral sale within the statute has the right of election as to whether he will avoid the contract, and that his action in selling the property to the second purchaser constitutes such election. He is thus exercising an unquestionable right, and the second purchaser may rely on that election even though he is in possession of all the facts.

Where a parol vendor secures credit by executing a mortgage on the land in question, such action would constitute as strong evidence of his election to avoid his parol contract of sale as would the execution of a deed, and the same principle should apply.

It follows that the petition is not sufficient to support a judgment, and the court did not err in dismissing that pleading. Aside from this we have carefully considered the record, and without setting it out in detail, we are of the opinion that the same conclusion could have been reached from the facts.

Wherefore, perceiving no error, the judgment is affirmed.