# Langford v. State Bank & Trust Co. of Harrodsburg et al.

(Decided Dec. 8, 1933.)

634

HENRY JACKSON for appellant.
C. E. RANKIN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

On October 25, 1931, Virgil Tewmey and James A. Tewmey executed deeds of assignment for the benefit of their respective creditors. Virgil Tewmey is the son of James A. Tewmey and for a number of years had been conducting the farming operations on a farm owned by his father. It had been his custom to borrow money from the State Bank & Trust Company of Harrodsburg on notes signed by him and his father. He had written authority from his father to sign James A. Tewmey's name on notes executed to the bank, but he had no written authority to sign his father's name generally.

On January 1, 1931, Virgil Tewmey borrowed from Robert Langford, appellant, $2,214.50 and gave to Langford a note bearing the names of Virgil Tewmey and James A. Tewmey. The name of James A. Tewmey was signed by Virgil Tewmey under parol authority. Langford filed the note as a claim against the assigned estate of James A. Tewmey and it was allowed by the county court. On appeal to the Mercer circuit court, the claim was disallowed, and Langford has appealed.

It is first contended that Virgil Tewmey and James A. Tewmey were partners and that the note, therefore, is valid as a partnership note. The evidence, however, fails to establish a partnership. Virgil Tewmey owned

a tract of land adjoining or near to the farm owned by his father, and for a number of years before the assignment was made he had been operating his father's farm, but no partnership account was kept, and while Virgil Tewmey appears to have had entire control of the farming operations, the relation existing between the parties was only that of landlord and tenant. It appears that the note given to Langford was executed with the knowledge and consent of James A. Tewmey and that he verbally ratified the act of his son in signing his name before he executed the deed of assignment, and appellant relies upon this subsequent ratification by J. A. Tewmey of the act of his son in affixing his name to the note.

In Ragan v. Chenault, 78 Ky. 545, in construing section 482 of the Kentucky Statutes, which provides that "no person shall be bound as the surety of another by the act of an agent, unless the authority of the agent is in writing, signed by the principal," it was held that ratification of the act of the agent must also be in writing, signed by the principal. On October 7, 1931, after the deed of assignment had been executed, J. A. Tewmey signed a writing in which he stated that his son was authorized by him to affix his signature to the note executed to Langford and he undertook to ratify and confirm the act of his son in executing the note. It is contended that this act met the requirements of section 482 of the Statutes and related back and rendered the note valid and enforceable against James A. Tewmey as of the date of its execution, and that, therefore, it became a provable claim against the estate of James A. Tewmey, and that appellant is entitled to a pro rata share of the proceeds of James A. Tewmey's assigned estate. As a general rule, all creditors of the assignor are entitled to share pro rata in the proceeds of the assignment, but debts created after an assignment for the benefit of creditors has been made are not usually provable against the estate. In Re Chestnut Street Trust & Saving Fund Company's Assigned Estate, 217 Pa. 151, 66 A. 332, 333, 118 Am. St. Rep. 909, the court said:

> "The rights of creditors of an assigned estate are fixed at the date of the assignment. Only those who are creditors of the assignor at that date are entitled to participate in the distribution of the

proceeds of the estate. A creditor is one who has a definite demand against the estate, or a cause of action capable of adjustment and liquidation upon a trial.''

In Hellman v. Kiene, 73 Iowa, 448, 35 N. W. 516, 5 Am. St. Rep. 693, it was held that a claim barred by the statute of limitations at the time the assignment is made may be revived by a new promise of the assignor subsequently made so as to entitle the creditor to share in the proceeds of the assignment. But a statute of limitations is one of repose and operates generally on the remedy directly and does not extinguish the right, Louisville & N. Railroad Co. v. Whitlow, 105 Ky. 1, 43 S. W. 711, 19 Ky. Law Rep. 1931, 41 L. R. A. 614, and the defense of the statute is personal and can only be availed of by the party for whose use the statute inures. Pool v. Pool, 214 Ky. 267, 283 S. W. 111. So contracts within the statute of frauds are not void or illegal and are enforceable unless the statute is relied on. Section 470, Kentucky Statutes. It has been held by this court that the plea of the statute is personal and can only be invoked by the party sought to be charged and not by his creditors or others. Givens v. Mason, 205 Ky. 432, 266 S. W. 7. The statute of frauds merely provides that no action shall be brought to charge any person upon certain enumerated promises and agreements, while section 482 of the Statutes provides that ''no person shall be bound as the surety of another by the act of an agent, unless the authority of the agent is in writing, signed by the principal,'' and under section 3720b-19 the signature of any party to a negotiable instrument can only be made by an agent duly authorized in writing. A person whose signature has been affixed to a note as a surety of another by one assuming to act as his agent but without written authority is not bound by the act of such agent, and no legal obligation is incurred by him, though he may have verbally authorized the agent to do the act.

On August 31, 1931, when James A. Tewmey made an assignment for the benefit of his creditors, the note to appellant constituted no subsisting legal claim against him, and when he executed the writing of October 7, 1931, he, for the first time, gave legality to the transaction. This amounted to the creation of a debt subsequent to the assignment, and the newly constituted

creditor is not entitled to share in the division of the debtor's assigned estate.

The judgment is affirmed.

The whole court sitting.

Thomas, J., dissenting.