153 So. 281

### SIMS v. HESTER et al.

### 8 Div. 526.

Supreme Court of Alabama.
March 1, 1934.

Rehearing Denied March 22, 1934.

Wm. L. Chenault, of Russellville, for appellant.

Travis Williams, of Russellville, for appellees.

BROWN, Justice.

The original bill was filed by appellant to cancel a mortgage executed by her husband, L. N. Sims, and herself, to appellees on January 12, 1932, on the wife's land, to secure an indebtedness contracted in the purchase of a pair of mules, on the ground that the debt was that of the husband.

The appellees denied the allegation of the bill that the debt was that of the husband, and alleged that it was the joint debt of said L. N. Sims and the complainant. The answer was made a cross-bill and prayed for foreclosure of the mortgage.

The testimony was taken on oral examination before the register and reduced to writing, and on submission on pleadings and proof, the court entered a decree denying the relief prayed in the original bill and granting the respondents relief under their cross-bill.

The statute which declares that "the wife shall not, directly or indirectly, become the surety for the husband, * * * is founded upon public policy, which is to protect the wife's estate as against the influence of her husband or other person, or her own inclination, in respect to subjecting it to her husband's debts." Section 8272, Code; Richardson v. Stephens, 122 Ala. 301, 307, 25 So. 39, 41.

"It has been liberally construed and zealously applied by the courts for the accomplishment of its obvious design," and in dealing with transactions to which the statute is applicable, the courts look through the form to the substance of the transaction. Street v. Alexander City Bank, 203 Ala. 97, 98, 82 So. 111, 112; Horton v. Hill, Adm'r, 138 Ala. 623, 36 So. 465.

The question presented by this appeal is one of fact—whether or not the debt secured by the mortgage was that of the husband, alone, or was it the joint obligation of the husband and wife?

After full consideration of the evidence, we are clear to the conclusion that the mules, the purchase price of which was secured by a mortgage on crops to be grown by the husband, other personal property, and the wife's lands, were purchased by the husband, and the debt was his debt; that the wife acquired no property right in the mules, and was, within the spirit and purpose of the statute, the husband's surety.

The decree of the law and equity court is therefore reversed, and one here rendered granting the relief prayed by appellant in her original bill, and canceling the said mortgage in so far as it affects the lands therein described, and the register of the law and equity court will enter on the margin of the record of said mortgage in the probate office of Franklin county the fact of the cancellation thereof by the decree here rendered. The cross-bill is dismissed. Let the appellees pay the costs of this appeal and the costs of the suit.

Reversed and rendered.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.