172 So. 270

**DEEGAN v. PAKE et al.**

1 Div. 924.

Supreme Court of Alabama.

Jan. 21, 1937.

Leo M. Brown and Leo H. Pou, both of Mobile, for appellees.

GARDNER, Justice.

The bill was for the sale of real estate for division among tenants in common, and from a final decree of sale respondent William N. Deegan has appealed.

The amended bill correctly describes the property, the interest of the respective parties therein, and discloses that an equitable division cannot be had without a sale, all of which was established by the uncontroverted proof.

■ Respondent Deegan, however, primarily complains that the chancellor declined, on the day the cause was submitted for final decree (February 11, 1936) to grant him a continuance and allow interrogatories to be filed and testimony taken of a witness in North Carolina. This was, of course, a matter resting in the sound discretion of the court, and the complaining party assumed the burden of showing an abuse thereof, each case resting upon

James E. Duggan and Chas. A. Cunningham, both of Mobile, for appellant.

its own peculiar facts. City of Birmingham v. Banks, 228 Ala. 295, 153 So. 189; Sovereign Camp, W. O. W., v. Colvin, 218 Ala. 616, 617, 119 So. 635; Berry v. Dannelly, 226 Ala. 151, 145 So. 663; Knowles v. Blue, 209 Ala. 27, 95 So. 481. No such abuse is disclosed by this record.

■ The cause had long been on the docket, the original bill having been filed in August, 1934. This respondent answered November 13, 1934. The original bill mistakenly averred a number of heirs of Babette Zimmern owned an interest in the property, while it subsequently developed this interest was held by Lee J. Zimmern, as trustee under the will of his mother, Babette Zimmern. The bill averred and the proof discloses, that Lee J. Zimmern in his individual right owned a one-sixth interest. This respondent in his answer, among other things, merely denied that Lee J. Zimmern and the heirs of Babette Zimmern owned any interest in the property.

It appears uncontrovertedly from the proof that Lee J. Zimmern and his mother, Babette Zimmern, acquired this interest by purchase from Mary Deegan Harris and husband, as shown by deed duly signed and acknowledged in February, 1927. From the interrogatories offered to be filed, and from that source alone, so far as the record shows, it would appear that this respondent sought proof tending to show lack of mental capacity of Mary Deegan Harris to execute the deed. To what extent and in what manner that would prejudicially affect this respondent does not appear, and is left to conjecture.

The cause had previously been submitted, and final decree rendered on July 16, 1935, and on July 22, 1935, this decree was set aside and the cause reopened for additional proof, and in August, thereafter, this respondent filed demand for oral examination of witnesses, but no examination was subsequently had.

In November, 1935, the chancellor granted complainant's motion that the register set the cause for hearing. On November 30, 1935, Lee J. Zimmern, as trustee, filed petition of intervention, which was duly allowed on January 6, 1936, and the cause submitted for final decree February 11, 1936.

■ While this court has held that under the statute (section 9334, Code 1923), controverted questions of title may be raised by answer (Combs v. Greene, 181

Ala. 325, 61 So. 898), yet it was not intended that an issue of the character here sought might be presented by a mere general denial of ownership.

Pleadings are for the purpose of forming issues and giving notice thereof to the opposing party. There is no indication in this respondent's answer or otherwise in any of the pleadings for that matter, that any such issue of mental incapacity would be raised or was in the case, and a mere general denial could not serve the purpose of presenting what, to all practical purposes, was a hidden and undisclosed issue.

Clearly, therefore, the chancellor was in the exercise of a sound discretion in considering the request for a continuance for this purpose, as presenting informally a belated issue which should have been set up in the answer.

But all this aside, and conceding for the moment that such an issue had been properly presented, there is nothing whatever in this record to show any excuse for so long a delay on the part of this respondent to take the testimony of the absent witness. Respondent argues there was no occasion therefor until the intervention petition. But the title of Lee J. Zimmern, who all along was alleged to own individually a one-sixth interest, rested equally with his title as trustee upon the deed from Mary Deegan Harris, and, therefore, if the matter of mental incapacity on the part of the grantor in that deed was to be attacked, it was presented upon the filing of the original bill in 1934. Yet during all of that time no witness was sought to be examined in that regard. But we forego further discussion, as it is clear enough this record presents no abuse of discretion, and that respondent can take nothing by this action of the court.

The proof amply supports the decree, and upon its merits it is due to be affirmed.

■ There is, however, confessedly an error in the decree as to form. But, as previously here observed (Tommie v. City of Gadsden, 229 Ala. 521, 158 So. 763), there may be "a substance in form even," and the error of form here presented contains such substance as to require a reversal of the decree in that regard. Our authorities are to the effect that a decree of this character should fix the time, place, and terms of sale, and that so important a matter should not be left to the undirected judgment of the register. Marshall v.

Rogers, 230 Ala. 305, 160 So. 865; Harvey v. Jenkins, 219 Ala. 121, 121 So. 419.

Ordinarily an error of this character is subject to correction by this court. But our cases hold that in view of the importance of these matters upon the sale and the better advantage of the trial court in regard thereto, that a reversal of the decree in this regard, rather than a correction here, better serves the ends of justice.

The decree being in all other respects free from error, it will be here affirmed with the exception as to the directions to the register as to the sale of the property, and in this respect the decree will be reversed, at the cost of appellee, and the cause remanded to the court below for proper directions as to such sale, as herein indicated.

Affirmed in part, and in part reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.