172 So. 907

**MAY et al. v. MATHERS.**

**I Div. 930.**

Supreme Court of Alabama.

Jan. 21, 1937.

Rehearing Denied March 18, 1937.

Q. W. Tucker, of Grove Hill, for appellants.

656

Adams & Gillmore, of Grove Hill, for appellee.

FOSTER, Justice.

This is a bill by a creditor who has foreclosed his mortgage and has a judgment for the deficiency to set aside a sale of other property by the debtor to his son, for fraud, or, in the alternative, to have it declared a general assignment under section 8040, Code.

The court held that the consideration for the deed was to pay a debt barred by the statute of limitations, and was therefore without adequate consideration and intended to prevent complainant from subjecting his land so conveyed to the satisfaction of his debt to complainant.

The mere fact that the debt is barred by limitations does not prevent its payment by an insolvent debtor in preference to other debts, not now considering that it may be a general assignment. 27 Corpus Juris 539, § 232; 12 R.C.L. 576, § 94. If the debt is bona fide and the property conveyed in its payment is not materially more in value than the amount of the debt and no benefit is reserved by the debtor, he has the right to pay it in preference to others, so long as there is no general assignment, regardless of his intent to make such preference and its effect in that respect on other creditors in the collection of their claims. Crawford v. Kirksey, 55 Ala. 282, 28 Am.Rep. 704; London v. Anderson Brass Works, 197 Ala. 16, 72 So. 359; Robinett v. Murray, 219 Ala. 176, 121 So. 535; Crisp v. First Nat. Bank, 224 Ala. 72, 139 So. 213; 10 Alabama Digest 615, Fraudulent Conveyances, ☞87.

But if the conveyance is of substantially all the property of the debtor it is a general assignment, since by it a preference is attempted. Section 8040, Code; Danner v. Brewer, 69 Ala. 191.

But although the claim may be barred at the time of the assignment, the debtor may remove the bar in the manner provided by section 8964, Code. In that event, the creditor may participate with others in the distribution of the assigned property. 4 Am.Jur. 417, § 153; 37 Corpus Juris 1115, § 594, note 85; Hellman v. Kiene, 73 Iowa, 448, 35 N.W. 516, 5 Am. St.Rep. 693.

It has been declared by this court that an acknowledgment under section 8964 "must go the length of admitting the present existence of a debt, which the party is willing to pay" and that there is no rule which requires that its proof "shall be different in measure, or more strict than that which is required to establish any disputed fact in a civil suit." Strickland's Adm'r v. Walker, 37 Ala. 385.

There is authority to the effect that "an assignment of a particular asset to be applied to the payment of a particular debt constitutes such acknowledgment of the

debt as to take it without the statute" of limitations. 37 Corpus Juris 1115, § 5941, note 83.

The deed here in question recites a consideration of $1,050, and it is not contended that the property so conveyed was worth more than that. The evidence satisfactorily shows that there was a bona fide debt owing to the grantee, J. L. May, in an amount at least equal to the recited consideration. That of itself removed the bar to that extent. Pursuant to the authorities cited above, the debtor may remove the bar at any time, as authorized by section 8964, and when so others cannot complain. The authorities support this view though, in the course of administering the trust created by the assignment, the statute of limitations may be pleaded either by the assignee or other creditors.

While the statute of limitations is a personal defense, the assignee stands in the shoes of the assignor, the debtor having the right to plead it. 4 Am.Jur. 408, § 136. In some respects he is like the administrator of a decedent's estate who represents the decedent, and not creditors. Trotter v. Brown, 232 Ala. 147, 167 So. 310.

Prior to the present status of section 5824, Code, an administrator could exercise a discretion to plead the statute as the decedent could in life, but not so as to charge real estate on account of the law applicable to the descent of such kind of property. Bond's Heirs v. Smith, 2 Ala. 660; Pollard v. Scears' Adm'r, 28 Ala. 484, 65 Am. Dec. 364; Steele v. Steele's Adm'r, 64 Ala. 438, 439, 38 Am.Rep. 15; Fleming v. Kirkland, 226 Ala. 222, 146 So. 384.

We do not here mean to assert that an assignee may decline to plead the statute of limitations in equity and prevent a creditor from doing so. While he represents the assignor, a court of equity will either require him to plead the statute or justify another creditor in being substituted to that right. 37 Corpus Juris 709; Glenn on Fraudulent Conveyances 212, § 153. But the court cannot prevent the debtor from removing the bar as provided by statute, so as to cut off the right to plead it, as we have shown.

An assignment to a creditor of specific property to pay or secure a specified sum is as said in Chapman v. Barnes, 93 Ala. 433, 9 So. 589, 590, "an acknowledgment of its existence (to that extent), accompanied with an unequivocal expression of a willingness to presently pay it, from which * * * the unconditional promise required by statute might be implied."

It would be an anomaly to hold that a debtor may pay a debt barred by limitations to the prejudice of other creditors, but that he cannot remove the bar so as to enable him to participate in a distribution of property assigned for the benefit of them all ratably.

The mortgage to complainant also included a boat whose useful value as a freight craft had depreciated to a large extent, because of other methods of transportation. The mortgagor was using it as a houseboat while he worked at the paper mill. A storm caused it to sink, and be submerged in the river where it has remained. We think that the evidence shows that as it so remains it is practically worthless. Appellant J. L. May sought by cross-bill to have appellee enforce his mortgage on the boat before proceeding against the land deeded to him. But we think it is sufficient to say that it is of no material value, and equity will not declare such a right when it would amount to no material benefit.

Appellant also contends that the deed is not a general assignment under section 8040, Code, because it was not a conveyance of substantially all his property, in that it did not include the boat. It is not clear whether the boat had sunk just at that time or not. It may be that it had. But if not, it was subject to the mortgage to complainant in an amount more than its value, considering also that all the property in the mortgage was not then of value equal to the debt. We think it does appear that the conveyance embraced substantially all the property of the grantor, C. L. May, and that by it a preference in favor of J. L. May was created; and that it was a general assignment and should be administered as such. The bill seeking to have this done in the alternative is not improper. Lambert v. Anderson, 224 Ala. 110, 139 So. 287, and cases cited.

It appears that a sale has been made. This was upon the idea that J. L. May had no rights, nor did other creditors of C. L. May—other than complainant—if any. A sale should not be made until the rights and interests of the parties shall have been first determined. Harvey v.

658

Jenkins, 219 Ala. 121, 121 So. 419. Interested persons should know what interest they have to protect, so that they may take such steps as they see fit in this respect. If they have no interest, there is no incentive to see that the property is sold for its value. So that in reversing the decree of the court, the sale should also be set aside, so that a new sale shall be conducted, in the light of such interests as are shown to exist. That does not mean that all claims must be passed and allowed before there is a sale.

The decree of the court is reversed, the sale is set aside and vacated, the deed dated March 16, 1931, from C. L. May and wife to J. L. May is hereby declared and decreed to be a general assignment for the equal benefit of the creditors of C. L. May, to the extent that they are not otherwise paid. First National Bank v. Green, 221 Ala. 201, 128 So. 394.

The cause is remanded to the circuit court where further proceedings may be had in pursuance to the principles here declared.

Reversed, rendered and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.