179 So. 207

### DELONY v. O'REILLY.

#### 8 Div. 857.

Supreme Court of Alabama.

Feb. 10, 1938.

Rehearing Denied Feb. 24, 1938.

W. L. Chenault, of Russellville, for appellee.

J. Foy Guin, of Russellville, for appellant.

THOMAS, Justice.

The decree appealed from annulled the mortgage and debt prayed for in the original bill and dismissed the cross-bill praying for foreclosure.

The bill was filed under section 8272 of the Code of 1923, to enjoin foreclosure of mortgage on the theory that it was the wife's lands and that the debt was that of the husband.

The respective rights of husband, wife, and mortgagee, as affecting the wife's lands, have been considered at length in Dewberry v. Bank of Standing Rock, 227 Ala. 484, 150 So. 463, on redemption; on cancellation as within section 8272 of the Code of 1923, in Mitchell v. Sessoms Grocery Co., 228 Ala. 360, 153 So. 282. See, also, Sims v. Hester et al., 228 Ala. 321, 153 So. 281; Garland v. First National Bank of Scottsboro et al., 228 Ala. 480, 153 So. 743; Walters v. Blackmon, 228 Ala. 462, 153 So. 739; Continental Life Ins. Co. v. Brandt, 228 Ala. 570, 154 So. 903; Lacy v. Commercial Nat. Bank of Anniston, 232 Ala. 525, 168 So. 554; Williams et al. v. Knight, 233 Ala. 42, 169 So. 871; Clark v. Lineville Nat. Bank et al., 232 Ala. 175, 167 So. 550.

388

·When the evidence is carefully examined, the conclusion is unescapable that the mortgage was taken and an account opened in the name of the wife, without her knowledge or consent; that $40 was held out as a discount, and the balance of $960 placed to her credit on the books of the bank, such account being immediately closed by withdrawal of that sum; that the money was used in payment of the husband's debts, the balance of $157.34 placed to his credit in the bank; and that all of this was 'done without the knowledge or consent of Mrs. O'Reilly.

The testimony of Mr. Denton on cross-examination shows that the debt was that of O'Reilly, which was paid at such time and in such manner as indicated, the balance of $157.34 being placed to the husband's credit in the bank; and said money so used by O'Reilly canceled the debt and the said notes were delivered up. After all that may be said of the transaction, the debt was that of the husband, which he sought to secure by a method of bookkeeping through the wife with her real properties, and under the statute the mortgage was void.

Mrs. O'Reilly was not disqualified from testifying by reason of the death of Carter, the manager or agent of the Tennessee Valley Bank. In Blount v. Blount, 158 Ala. 242, 48 So. 581, 21 L.R.A.,N.S., 755, 17 Ann.Cas. 392, it is declared that "section 4007, Code 1907 [the same as section 7721, Code of 1923, and Michie's Code, § 7721] does not render witnesses incompetent to testify generally, but only incompetent to testify on the subjects specified." That is to say, "a party to a suit is not precluded from denying that he ever had a given transaction with the decedent, whose estate is interested in the result of the suit, and which transaction is imputed to him by the adverse party."

There was no reversible error in taxing each of the litigants with half of the costs. Such matters are held in equity to rest largely in the discretion of the trial judge. Morris v. Corona Coal Co., 215 Ala. 47, 51, 109 So. 278; Manning v. Carter, 201 Ala. 218, 77 So. 744; Michie's Code 1928, § 6655.

It follows, therefore, that the judgment of the trial court is due to be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.