181 So. 762

## HUGHES v. GATES.

### 8 Div. 906.

Supreme Court of Alabama.

June 2, 1938.

Rehearing Denied June 16, 1938.

J. Foy Guin, of Russellville, for appellant.

Wm. Stell, of Russellville, for appellee.

THOMAS, Justice.

The decree directed a sale of lands as foreclosure of a mortgage, as prayed in the cross bill.

The case is that Clara Hughes, alias V. C. Hughes, filed her bill in equity to sell for a division of the proceeds a tract of eighty acres lying in Colbert and Franklin Counties against her husband, Hobert Hughes, and A. H. Gates, mortgagee. Title to the lands was admittedly in the husband and wife as equal joint owners and tenants in common.

Gates set up his mortgage by cross-bill, alleging that the indebtedness secured thereby was the joint debt of the husband and wife. The said Clara Hughes, by answer to the cross-bill, as well as by affirmative averment in her original bill, alleged that the debt secured by such mortgage was that of the husband only, and that as to her one-half undivided interest in the lands in controversy, such mortgage became null and void under the statute.

The final decree denied the prayer of the original bill, granted a foreclosure of the mortgage under the cross-bill against the entire freehold, and from that decree the complainant prosecutes this appeal.

It is established that the respective rights, title and interest in land of joint owners should be ascertained before ordering sale of property for division (Ann. Code 1928, § 9331); that the time, place and terms of sale for division should be fixed in the decree and not left to the discretion of the register; and that this Court will not correct such decree, leaving the material and important terms of sale for division to the register's discretion. Harvey v. Jenkins, 219 Ala. 121, 121 So.

312

419; May v. Mathers, 233 Ala. 654, 172 So. 907; Deegan v. Pake, 233 Ala. 435, 172 So. 270; Marshall v. Rogers, 230 Ala. 305, 160 So. 865.

In this case the decree does not fix the day of sale, which date rests in the discretion of the register.

The sixth assignment of error is well taken.

We have examined the evidence and hold that a half interest in the land was in Clara Hughes; that said land was mortgaged to secure the husband's debts, and should not be subject to foreclosure as sought by respondents' cross bill. Delony v. O'Reilly, 235 Ala. 386, 179 So. 207; Clark v. Lineville National Bank, 232 Ala. 175, 167 So. 550; Sims v. Hester, 228 Ala. 321, 153 So. 281; § 8272, Code.

The decree of the Law and Equity Court of Franklin County is reversed and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.