199 So. 7

**BEAN et al. v. NORTHCUTT et al.**

5 Div. 331.

Supreme Court of Alabama.

Dec. 5, 1940.

Reynolds & Reynolds, of Clanton, for appellees.

J. B. Atkinson, of Clanton, for appellants.

BOULDIN, Justice.

In a suit in equity for the sale of lands for division among tenants in common, if the interests of the several parties is a matter of controversy, the court should find and decree what share or interest is owned by each of them in advance of the sale of the property. In this cause the court decreed the lands were owned by the complainants and one of the respondents as tenants in common, and thereupon, decreed a sale of the property, reserving all other questions until the coming in of the report of sale.

There was error in decreeing the sale to be had in advance of a decree adjudicating the interests of the several tenants in common. Harvey et al. v. Jenkins, 219 Ala. 121, 121 So. 419; Whitehead

et al. v. Boutwell, 218 Ala. 109, 117 So. 623; Marshall v. Rogers et al., 230 Ala. 305, 160 So. 865; Deegan v. Pake et al., 233 Ala. 435, 172 So. 270; Hughes v. Gates, 236 Ala. 311, 181 So. 762; Lavretta et al. v. First Nat. Bank of Mobile, 238 Ala. 265, 189 So. 881.

If there be lack of harmony between the last cited case, and other decisions cited, all concur as to the rule applicable here.

This court will not decide in advance questions not determined by the court below and reserved for decision by decree.

But decreeing title in general terms in named parties implies a finding of complete title as set up in the bill.

The pleadings and proof make an issue as to a severance of the mineral interests in all or a portion of these lands, and ownership of the mineral interests in one or more of the respondents.

If the court so finds; such mineral interest should be reserved in the decree of sale; unless by agreement of all parties fixing the proportion of the sale price to go to the owner of the mineral interests.

The pleadings and proof present other alleged equities. Among them accounting for rents received and standing timber sold from the lands by respondents; and counter claims for permanent improvements enhancing the value of the property, and for taxes paid thereon. Whether all these equities should be settled before a sale of the property rests in the sound discretion of the court. Our statutes provide that all equities shall be settled and all claims adjusted. Sandlin et al. v. Anders et al., 210 Ala. 396, 98 So. 299.

But the statutes fix no arbitrary rule of procedure. All parties entitled to share in the proceeds, and the nature of their equities, should be decreed in advance of sale for the same reason that the interests of the tenants in common in the property sold should be decreed.

But some equities, such as allowance for permanent improvements, may be better determined after the improved value is ascertained through the sale. The amount of charges upon the purchase money as a whole, and the division of the proceeds among those entitled, awarding each the amount to which he is equitably entitled on the whole record, may oftentimes be better worked out after the funds are in hand. These procedural matters will not be disturbed on appeal unless injury appears. May et al. v. Mathers, 233 Ala. 654, 655, 172 So. 907, Par. [14].

Reversed and remanded.

GARDNER, C. J., and FOSTER and LIVINGSTON, JJ., concur.