67 So.2d 891

**MYERS et al. v. MOODY.**

**6 Div. 509.**

Supreme Court of Alabama.

Nov. 5, 1953.

Johnson & Randall, Oneonta, for appellants.

R. G. Kelton, Oneonta, for appellee.

STAKELY, Justice.

This is a suit instituted by J. H. Moody against Irvin F. Myers and Mrs. Irvin F. Myers, separately and severally, on two promissory notes, one for $2,000 dated February 15, 1947, alleged to have been made and executed by the defendants and payable to the plaintiff after date with interest, and the other for $350 dated April 14, 1947, payable December 15, 1947, to the plaintiff and alleged to have been made and executed by the defendants, with interest thereon. Claim is also made of the defendants separately and severally for an attorney's fee which is alleged to be due by virtue of a clause contained in each of the aforesaid notes. The defendants separately and severally filed plea which may be summarized

as the general issue, failure of consideration, fraudulent misrepresentation in the procurement of the notes and Mrs. Irvin F. Myers filed a plea to the effect that the indebtedness evidenced by the notes is the debt of her husband, Irvin F. Myers, and that she is not liable on the notes since she signed the same as surety for the indebtedness of her husband.

Tendencies of the evidence show that on or about February 15, 1947, there was a partnership composed of J. H. Moody and L. B. Moody, engaged in operating a coal mine in Blount County, Alabama, under the name of Moody Coal Co. A trade was made by which J. H. Moody sold his one-half interest in the business, the pertinent details of which will be referred to later. for $4,000, $2,000 cash and the balance on time. Only $1,650 was paid in cash, so that the two notes hereinabove referred to were executed for the balance of the purchase price.

The case was submitted and considered under Supreme Court Rule 46, Code 1940, Tit. 7 Appendix, and the opinion prepared by STAKELY, Justice.

I. It is insisted that the court was in error in charging the jury that there was no evidence to support the special plea of Mrs. Myers that she signed the notes as surety for the debt of her husband, Irvin F. Myers, and that the jury need not consider the particular plea setting up this defense. This question is raised by exception to the oral charge of the court. The court has considered the evidence on this issue and thinks that there is evidence from which it can be inferred that Mrs. Myers signed the notes as surety for her husband's debt. There is evidence tending to show that Irvin F. Myers was the sole purchaser of the interest of J. H. Moody in the coal mining business and Mrs. Myers acquired no interest therein, that she signed the note with her husband and the debt was his debt and not her debt. Sims v. Hester, 228 Ala. 321, 153 So. 281; Section 74, Title 34, Code of 1940. There is no order of severance in the assignment of error and the ruling of the court does not appear to be prejudicial to the appellant Irvin F. Myers, but the errors are all assigned "separately and severally." In such a situation we will consider the

error as affecting Mrs. Irvin F. Myers. Maya Corp. v. Smith, 240 Ala. 371, 199 So. 549.

 II. Tendencies of the evidence showed that J. H. Moody in making the trade and in procuring the execution of the notes made representation to the defendants in effect that the machinery and equipment, which he was selling, was in suitable condition to strip all the coal that they had leased, that the defendants relied on the representation as they had a right to do, that the representation was false in that the machinery and equipment was not in the condition as represented, that the false statement was made with intent to deceive and did deceive the defendants to their damage. Furthermore while tendencies of the evidence showed that no false representation was made, the evidence shows that the trade was made and the notes executed by Irvin F. Myers after he had visited the mine and made a personal inspection of the machinery and equipment.

Exception was taken to the following portion of the oral charge, "If a man makes any kind of investigation himself, then he cannot rely upon the false representation made by the other side, because he must rely on that wholly or in part if he defends on that basis." The charge in effect means that if a man makes any kind of investigation himself, then he must rely on his own investigation, whether he learns the truth or not. This is not correct. No misrepresentation can constitute a defense which is not relied on by the person who claims to be defrauded. If he has the opportunity to make an investigation of the articles purchased as to quality and does so and acts on his own judgment, there can be no defense based on fraud. Moses v. Katzenberger, 84 Ala. 95, 4 So. 237. But the mere circumstance of making an examination does not necessarily cut him off from a defense of fraudulent representation if he relied thereon. Hooper v. Whitaker, 130 Ala. 324, 30 So. 355; Barley v. Wright, 233 Ala. 283, 171 So. 247; 23 Am.Jur. pp. 951–952.

The evidence showed that J. H. Moody, the seller, had had considerable experience in coal mining operations and that the buyer Irvin F. Myers had had no such experience. The machinery and equipment which was sold consisted of a caterpillar bulldozer, a scraper and a Ford truck. Irvin F. Myers had had some experience with trucks but not with reference to the other types of machinery mentioned. The mere circumstance that Myers made an investigation of the machinery and equipment does not necessarily show that he relied on his own judgment rather than upon the representation claimed to have been made by J. H. Moody. Authorities supra; Ferguson v. Koch, 204 Cal. 342, 268 P. 342, 58 A.L.R. 1176.

For the errors to which we have referred the judgment of the lower court is reversed and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.